UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 23-cr-358 (JMB/TNL)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DERRICK JOHN THOMPSON,

    Defendant.

**THE GOVERNMENT'S RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Ruth S. Shnider and Tom Calhoun-Lopez, Assistant United States Attorneys, hereby submits its response to the defendant's pretrial motions.

By way of background, this case involves a fatal car crash that took place in Minneapolis on June 16, 2023. The Government's evidence will show that on that evening, defendant Derrick Thompson was driving a rented Cadillac Escalade and sped through a red light at a high rate of speed, crashing into a Honda Civic sedan and killing the five young women inside. Thompson fled the crash but was located nearby by police officers and ultimately arrested. Inside Thompson's rented Escalade, officers later recovered, among other things, a Glock handgun and over 2,000 fentanyl pills. Thompson is charged in this Court with possession with intent to distribute fentanyl, felon in

possession of a firearm, and carrying a firearm during and in relation to a drug trafficking crime. ECF No. 8.

**1. <u>Motion for Disclosure of Rule 404(b) Evidence (ECF No. 22)</u>**

Thompson moves for disclosure of Rule 404(b) evidence at least 28 days prior to trial. The Government frequently requests 14-day notice, but in the circumstances of the case, suggests that 21 days prior to trial is both fair and consistent with the realities of trial preparation. Further, in the interest of transparency, the Government hereby provides notice of its intention to offer the prior acts listed below under Rule 404(b). The Government has already produced various documents related to these acts that contain much of the information sought in this motion.

1. The conviction documents and a summary of the underlying facts involved in Mr. Thompson's Minnesota gross misdemeanor conviction for Carrying a Pistol Without a Permit. (Ramsey County Case No. 62-CR-14-8387). The Government will offer this evidence on the issue of Mr. Thompson's knowing possession of the firearm in this case.

2. The conviction documents and a summary of the underlying facts involved in Mr. Thompson's California felony convictions for Evading an Officer Causing Injury, Leaving the Scene of an Accident that Resulted in Injury, and Conspiracy. (Santa Barbara County Case No. 18-CR-08-676). The Government will offer this evidence on the issues of Mr. Thompson's knowing possession of the controlled substances in this case, his intent to distribute them, his motive for fleeing law enforcement in this case, his identity as the driver of the Escalade, and/or his modus operandi of fleeing law enforcement when in possession of contraband.

The Government proposes that the Court order that the Government provide supplementary notice of any additional Rule 404(b) acts or information it intends to reference at trial no later than 21 days prior to the trial date.

To the extent Thompson's motion also requests specific advance disclosure of Rule 608(b) evidence that may be referenced during any cross-examination of the defendant, the Government objects. There is no specific advance notice requirement contained in that Rule. The Government will comply with Rule 16 and all applicable discovery rules, but beyond those requirements should not be required to (nor would it be feasible to) further map out its cross-examination of the defendant weeks in advance of trial.

**2.** **Motion to Dismiss Count 2 of the Indictment (ECF No. 23)**

Thompson moves to dismiss Count 2 of the Indictment (Felon in Possession of a Firearm) as unconstitutional under the Second Amendment. As Thompson acknowledges, this claim is squarely foreclosed by controlling Eighth Circuit law and should be summarily denied at this time. *See United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023); *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023).

**3.** **Motion to Retain Rough Notes (ECF No. 24)**

Thompson has moved for an order requiring that agents retain and preserve all rough notes taken as part of their investigation. The Government's discovery obligations derive from the United States

Constitution, the Federal Rules of Criminal Procedure, applicable case law, and statute, including but not limited to Rule 16, *Brady*, *Giglio*, and the Jencks Act. The Government will comply with those obligations. The Government also does not object to an order requiring law enforcement officials to retain and preserve any substantive "rough notes" that relate to this investigation.

The Government does object to any order concerning the *disclosure* of rough notes. It is well established that rough notes are not considered witness statements within the meaning of the Jencks Act. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes are not a statement of witness as there was no evidence that the witness signed, adopted, or approved of notes); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (finding defendant not entitled to discover government agents' general notes from witness interviews).

Nor are agent rough notes generally discoverable as a "statement" of the agent. *See, e.g., United States v. Scotti*, 47 F.3d 1237, 1249 (2d Cir. 1995) ("Absent any indication that an FBI agent signs, adopts, vouches for, or intends to be accountable for the contents of the notes, the rough notes taken in a witness interview cannot be considered the agent's statement."); *United States v. Ramos*, 27 F.3d 65, 69-70 (3d Cir. 1994) (rough notes not considered "statements" of the agents); *United States v. Simtob*, 901 F.2d 799, 809 (9th Cir. 1990) ("A government agent's rough notes will not be Jencks Act

statements when they are not complete, are truncated in nature, or have become an unsuitable mix of witness testimony, investigator's selections, interpretations, and interpolations."); *United States v. Bernard*, 623 F.2d 551, 558 (9th Cir. 1979) (Jencks Act not intended to cover "rough surveillance notes").

4. **Motion to Suppress Evidence of Identification (ECF No. 25)**

Thompson has moved to suppress a "show-up" identification of him by an individual who witnessed the car crash and saw Thompson flee from his vehicle on June 16, 2023. The United States opposes this motion.

"A crime victim's identification of a defendant is admissible unless it is based upon a pretrial confrontation between the witness and the suspect that is both impermissibly suggestive *and* unreliable." *United States v. Pickar*, 616 F.3d 821, 827 (8th Cir. 2010) (quoting *United States v. Martinez*, 462 F.3d 903, 901 (8th Cir. 2006) (emphasis in original)). Even an impermissibly suggestive identification is admissible if it is reliable. *Pickar*, 616 F.3d at 827 (citing *Neil v. Biggers*, 409 U.S. 188, 199 (1972)). In assessing reliability, a court looks at "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." *United States v. Williams*, 340 F.3d

563, 567 (8th Cir. 2003) (quoting *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977)).

In this case, the identification was neither unduly suggestive nor unreliable: the witness observed the suspect at a close distance immediately after the crash; she gave a clear, detailed description of the suspect to officers on the scene; she was then given an opportunity to observe Thompson (who was consistent with that description) a short time later; and no law enforcement officer made any improper suggestions. *See Pickar*, 616 F.3d at 828 (absent "special elements of unfairness, prompt on-the-scene confrontations do not entail due process violations."); *United States v. Martinez*, 462 F.3d 903, 911 (8th Cir. 2006) ("[N]ecessary incidents of on-the-scene identifications, such as the suspect[ ] being handcuffed and in police custody, do not render the identification procedure impermissibly suggestive.").

The United States intends to call as a witness at the motions hearing the lead Minneapolis police investigator, and to offer clips of body-worn camera video that reflect the show-up and the relevant witness statements.

5.  **Motion to Suppress Statements (ECF No. 26)**

Thompson has filed a motion to suppress any "statements Mr. Thompson made to law enforcement after his arrest." The parties have been meeting and conferring on this motion and the Government now represents that based on

the information currently available, it does <u>not</u> intend to introduce in its case-in-chief any statements Thompson made to law enforcement on June 16, 2023, from the time he was placed in handcuffs until he arrived at the hospital. The Government <u>does</u> reserve the right to use any statements Thompson made before he was handcuffed, and any statements made at the hospital to medical personnel. Further, the Government reserves the right to use statements Thompson made on June 16, 2023 during a phone call he placed to his significant other while he was in the back of a squad car. Those statements were not made to law enforcement officers but were captured on squad video that was recently produced to the defense.

Based on these representations, the Government believes this motion may now be denied as moot, but will confirm as much with the defense prior to the motions hearing.

Dated: January 31, 2024
Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*/s/ Ruth S. Shnider*
BY: RUTH S. SHNIDER
TOM CALHOUN-LOPEZ
Assistant U.S. Attorneys