UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 23-cr-358 (JMB/TNL)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DERRICK JOHN THOMPSON,

    Defendant.

**GOVERNMENT'S MOTION TO HOLD SENTENCING DEADLINES IN ABEYANCE PENDING TRIAL OF RELATED STATE CASE**

The United States of America, by and through its attorneys, Lisa D. Kirkpatrick, Acting United States Attorney for the District of Minnesota, and Ruth Shnider and Tom Calhoun-Lopez, Assistant United States Attorneys, hereby respectfully moves the Court to hold the sentencing-related deadlines in abeyance in this matter until after the trial of the defendant's related state homicide case in Hennepin County.

The Government reached out to defense counsel via email on January 27, 2025 to ascertain their position on this motion. On February 2, 2025, defense counsel informed the Government that they were still determining the defense's position; as of the time of this filing, the Government has not received any further information and thus is filing this motion in light of the current deadline for sentencing pleadings.

As this Court knows, defendant Derrick Thompson was convicted of drugs and weapons offenses following a jury trial before this Court in October 2024. *See* ECF No. 84. The charges arose from a series of events where the defendant drove his rented Escalade through a red light at a high rate of speed and crashed into an occupied Honda sedan, killing five young women inside. A gun and various controlled substances were later found in the Escalade. Based on the same events, the defendant faces charges for third-degree murder, criminal vehicular homicide, and related crimes in Hennepin County. Those state charges are currently set for trial on May 27, 2025. *See* Hennepin County Case No. 27-CR-23-12910.

The final PSR in this case issued on January 21, 2025. *See* ECF No. 116. The default date for sentencing pleadings is thus February 4, 2025. *See* Local Rule 83.10(e). For the following reasons, the Government respectfully submits that the interests of justice and judicial economy favor deferring the federal sentencing hearing (and the filing of federal sentencing positions) until after the Hennepin County homicide trial has concluded by verdict or guilty plea.

First, although during the federal trial, the defense openly argued to the jury that the defendant was driving the Escalade that caused the car crash at issue, the defense objected to that factual assertion appearing in the Presentence Investigation Report (PSR). *See* Def. PSR Objs., ECF No. 106. Presumably, the defense is holding open the possibility of arguing that the

federal jury's verdict did not require resolution of who was driving the Escalade, and thus that fact should not be considered by this Court to have been adequately proven in these proceedings. As such, whether and to what extent this Court needs to resolve disputed facts related to the driver issue is inextricably intertwined with the outcome of the Hennepin County homicide proceedings: A verdict of guilty in the county case could only be the result of the state jury's determination beyond a reasonable doubt that Mr. Thompson was driving the Escalade and caused the deaths of the five young women. Conversely, an acquittal in the county would make clear the Government's obligation to show that a *preponderance* of the evidence still proves that Mr. Thompson was driving the Escalade, notwithstanding the Hennepin County acquittal under a higher standard of proof. In either event, the parties and the Court will be best served by full visibility into the outcome of the county case.

Second, the defendant is not prejudiced by waiting. The defendant has now been convicted of three serious federal offenses and faces a mandatory minimum of at least ten years in prison. Setting the federal sentencing for the near future thus brings no prospect of his release from custody. Further, because the county has primary jurisdiction over the defendant (i.e., he was in county custody before he was indicted, and he was brought via writ into federal court), the federal Bureau of Prisons (BOP) will not designate him to a prison facility until the county case is entirely concluded. In other words, the

defendant's current custodial setting will remain unchanged whether the federal sentencing is held tomorrow, or after the Hennepin County trial.

It is true that a conviction in the county case could earn the defendant at least one more criminal history point in the federal matter. U.S.S.G. § 4A1.2(a)(4). But he already falls into the highest criminal history category anyway. *See* PSR ¶ 45, ECF No. 116. And the defense remains free at all times to make arguments for a variance or departure based on what they believe to be an overstated criminal history score.

For these reasons, the Government respectfully requests that this Court hold sentencing-related deadlines (i.e., sentencing pleadings, hearing date) in abeyance until the Hennepin County homicide trial has been concluded. The Government suggests that the Court order the parties to provide an update to chambers no later than June 13, 2025 about the status of the county matter at that time.

In the event the Court denies this motion, the Government respectfully requests in the alternative that the Court continue the deadline for the parties to file sentencing pleadings by 30 days, so that the parties have adequate time to prepare them with full understanding of the procedural posture.

Dated: February 4, 2025

Respectfully Submitted,

LISA D. KIRKPATRICK

Acting United States Attorney

*/s/ Ruth S. Shnider*
BY:  RUTH S. SHNIDER
THOMAS CALHOUN-LOPEZ
Assistant U.S. Attorney